UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROXANNE ADAMS,                          *

    Plaintiff,                          *

v.                                      *          Civil Action No. CJC-25-1885

FRANK BISIGNANO,                        *
COMMISSIONER OF
SOCIAL SECURITY,                        *

    Defendant.                          *

**MEMORANDUM OPINION**

Plaintiff/Claimant Roxanne Adams petitions this Court to review the Commissioner of the Social Security Administration's (the "Commissioner") final decision involving her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The Court has considered the record and the parties' briefs. ECF Nos. 9, 12, 14, 15. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court reverses and remands this case for further proceedings.

**PROCEDURAL HISTORY**

On June 9, 2021, Adams applied for DIB and SSI claims under Titles II and XVI of the Social Security Act, respectively. R. 79, 90. In her application, Adams alleged she became disabled on February 10, 2018. R. 79, 90. Adams's claims were denied initially and on reconsideration. R. 124–33, 135–42. On Adams's request, an Administrative Law Judge ("ALJ") held a hearing to review her claims. R. 43–77, 143. The ALJ issued an opinion denying Adams's claims. R. 24–42. On January 22, 2025, Adams appealed to the Social Security Appeals Council, which denied her request for review, rendering the ALJ's decision the final, reviewable decision

of the Social Security Administration. R. 8–14. After the Appeals Council extended the time by which Adams could petition for judicial review, she timely did so in this Court on June 11, 2025. R. 1–3; ECF No. 1.

### THE ALJ'S DECISION

A claimant is legally disabled under the Social Security Act if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (DIB and SSI provisions). The ALJ must conduct a five-step sequential evaluation to determine if a claimant is disabled. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019), *as amended* (Feb. 22, 2019). The ALJ reviews whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock*, 667 F.3d at 472. Prior to steps four and five, the ALJ must determine a claimant's Residual Functional Capacity ("RFC"), which is the most work a claimant can do despite their physical and mental limitations. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017).

The ALJ here conducted the sequential evaluation as follows. At step one, the ALJ found that Adams had not "engaged in substantial gainful activity since February 10, 2018, the alleged onset date." R. 29. At step two, the ALJ determined that Adams had the following severe impairments: "degenerative disc disease of the lumbar spine with radiculopathy, hip bursitis,

arthritis, seizures, obesity, alcohol abuse, depression, and anxiety." R. 29.[1] At step three, the ALJ

found that Adams "does not have an impairment or combination of impairments that meets or

medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1." R. 30. The ALJ then found that Adams had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is
> limited to occasionally climbing ramps and stairs; never climbing ladders, ropes, or
> scaffolds; occasionally balancing, stooping, crouching, kneeling, and crawling;
> frequently handling, fingering, and feeling; no more than occasional exposure to
> coldness and vibration; no exposure to hazards; and no occupational driving. She
> is also limited to simple and routine tasks, with only simple decisions; occasional
> interaction with supervisors, co-workers, and the public; and only few changes to
> work processes and settings.

R. 31–32. At step four, the ALJ found that Adams was "unable to perform any past relevant

work." R. 35. At step five, the ALJ determined that, based on Adams's "age, education, work

experience, and [RFC], there are jobs that exist in significant numbers in the national economy

that [Adams] can perform." R. 35. As a result, the ALJ concluded that Adams had not been

disabled since the alleged onset date of February 10, 2018. R. 36.

## STANDARD OF REVIEW

The Court will affirm the ALJ's decision if the ALJ's factual findings are "supported by

substantial evidence and were reached through application of the correct legal standard." *Shelley*

*C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (citation omitted); 42 U.S.C.

§ 405(g). An ALJ's decision satisfies the substantial evidence standard if it contains "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). In conducting this review, the

Court determines "not just 'whether the ALJ examined all relevant evidence' but also whether

---

[1] The ALJ also found that Adams had the non-severe impairments of ulnar neuropathy and cubital tunnel syndrome. R. 30.

the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (citation omitted).

## DISCUSSION

Adams argues that the ALJ erred for two main reasons: that the ALJ improperly assessed Adams's RFC, and that the ALJ failed to consider Adams's shoulder issues throughout the sequential evaluation process. ECF No. 12 at 8, 14. As to the ALJ's assessment of Adams's RFC, Adams claims that the ALJ erred because the ALJ did not adequately explain conflicts between the RFC and some of the medical opinions, and because the ALJ failed to account for Adams's moderate limitation in concentration, persistence, or pace. ECF No. 12 at 11–14. Because the Court agrees that the ALJ erred by failing to account for Adams's moderate limitation in concentration, persistence, or pace, the Court need not address the remaining arguments.

If a claimant alleges a mental impairment, the ALJ must determine the degree to which the mental impairment limits four types of mental functions, one of which is the ability to maintain concentration, persistence, or pace ("CPP"). *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017); 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). An ALJ measures a claimant's CPP limitation by using a "five-point scale: [n]one, mild, moderate, marked, and extreme." *Patterson*, 846 F.3d at 659 (citation omitted). "A 'moderate' limitation in CPP means that a claimant's ability to sustain CPP 'independently, appropriately, effectively, and on a sustained basis is fair.'" *Nathan Y. v. Bisignano*, Civil Action No. DRM-24-3071, 2025 WL 2145887, at *3 (D. Md. July 29, 2025) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3)).

If an ALJ finds that a claimant has a moderate CPP limitation, the ALJ must account for that limitation in the RFC. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). An ALJ may account for a moderate CPP limitation by satisfying one of three conditions. First, the ALJ may include an RFC limitation that accounts for the claimant's moderate CPP limitation. *Id.* at 638. Notably, however, an ALJ does not account for a moderate CPP limitation by limiting the claimant to "simple, routine tasks or unskilled work" without further explanation. *Id.* (citation omitted). This is because "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Second, the ALJ may explain in the RFC analysis "why a claimant's moderate limitation in [CPP] … does not translate into a limitation in the claimant's RFC" or explain why a limitation to simple, routine tasks sufficiently addresses a claimant's moderate CPP limitation. *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020) (citation modified). Third, an ALJ may find persuasive a medical opinion that provides "detailed findings" accounting for the claimant's moderate CPP limitation and that "provide[s] substantial support for" the ALJ's RFC. *Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017); *Nathan Y.*, 2025 WL 2145887, at *3. Remand is warranted if the ALJ fails to satisfy one of these three conditions. *See, e.g.*, *Nathan Y.*, 2025 WL 2145887, at *3–5; *Caitrin M. v. Kijakazi*, Civil Action No. BAH-22-2785, 2023 WL 5300318, at *4–5 (D. Md. Aug. 17, 2023); *George T. v. Dudek*, Civil Action No. CDA-24-0117, 2025 WL 948488, at *4–5 (D. Md. Mar. 28, 2025).

Here, the ALJ did not satisfy any of the three conditions. First, the ALJ failed to include an RFC limitation that accounts for Adams's moderate CPP limitation. The ALJ found that Adams was limited in part to "simple and routine tasks, with only simple decisions; occasional interaction with supervisors, co-workers, and the public; and only few changes to work processes

5

and settings." R. 31–32. These limitations are insufficient to account for Adams's moderate CPP limitation because (1) limiting Adams to simple, routine tasks without further explanation fails, as a matter of law, to account for her moderate CPP limitation, *Mascio*, 780 F.3d at 638; and (2) the remaining limitations appear to accommodate [Adams's] moderate limitation in interacting with others and her mild limitation in adapting or managing oneself rather than her moderate CPP limitation. *See Nathan Y.*, 2025 WL 2145887, at *5. Thus, the ALJ fails to satisfy the first condition because none of the limitations in the RFC account for Adams's moderate CPP limitation.

As to the second condition, the Commissioner contends that, when the ALJ assessed Adams's RFC, the ALJ accounted for Adams's moderate CPP limitation because the ALJ acknowledged Adams's limited mental health treatment and daily activities. ECF No. 14 at 16. The Court rejects this argument because the ALJ's RFC assessment did not provide the explanation for Adams's moderate CPP limitation that the Commissioner now asserts post-hoc. This is significant, as "the issue in this case is 'not whether the record contains evidence that might support the ALJ's conclusions [but] whether the ALJ explained the apparent discrepancy between [the] [moderate CPP] finding and [the] RFC assessment.'" *Caitrin M.*, 2023 WL 5300318, at *4 (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Action No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015) (Gallagher, J.), *R. & R. adopted* (June 5, 2015)). Because the ALJ did not provide this explanation, the ALJ fails to satisfy the second condition.

Third, the ALJ fails to assign persuasive value to a medical opinion that provides detailed findings accounting for Adams's moderate CPP limitation and that supports the RFC. Here, the ALJ reviewed the medical opinions of Angela Nduaguba-Ezumba, D.O., and the state agency psychological consultants, all of whom opined on Adams's mental limitations. R. 34.

The ALJ's evaluation of Dr. Nduaguba-Ezumba's opinion fails to satisfy the third condition because, although the ALJ found the opinion partially persuasive, the opinion appears to justify *additional* RFC limitations to keep Adams on task at work. R. 34; *see* R. 1288 ("The impact of [Adams's] symptoms and effect on social functioning is apparent in [her] lack of concentration ….").

The ALJ's evaluation of the state agency psychological consultants' opinions, which the ALJ found persuasive, fails to satisfy the third condition for the same reason. R. 34. The consultants opined that "[Adams's] mood and irritability symptoms would limit her ability *to consistently stay on task and would occasionally interrupt her work pace*. [Adams] would have some distraction[s] working closely with others due to social issues. She retains the ability to complete tasks." R. 86, 97, 116 (emphasis added). Thus, while the consultants opined that Adams "retains the ability to complete tasks," they also recognized she had a limited ability to stay on task that would "occasionally interrupt her work pace." In other words, the consultants' opinions indicate that Adams's "ability to stay on task" was more limited than her "ability to perform simple tasks." *See Mascio*, 780 F.3d at 638. This recognition undermines the ALJ's RFC, which lacks an on-task limitation that may have reconciled the consultants' opinions with the ALJ's finding that Adams had a moderate CPP limitation. Indeed, the consultants' medical opinions here are contrary to the medical opinions the Fourth Circuit determined supported the ALJ's RFC in *Sizemore*. *See* 878 F.3d at 81 (determining medical opinions accounted for moderate CPP limitation because they found claimant could "perform[] basic, routine tasks *on a sustained basis*" and that claimant "show[s] *sustained attention* to perform simple repetitive tasks"). Thus, the ALJ did not find persuasive any opinion that both accounted for Adams's

moderate CPP limitation and supported the ALJ's RFC. Accordingly, the ALJ fails to satisfy the third condition.

The ALJ fails to satisfy any of the three conditions that could have accounted for Adams's moderate CPP limitation. As a result, the ALJ erred, and remand is warranted. On remand, and in accordance with *Mascio*, *Shinaberry*, and *Sizemore*, the ALJ shall account for Adams's CPP limitation in the RFC or explain why an RFC limitation is not appropriate. As to the arguments Adams raised that the Court did not address, the ALJ is welcome to consider these arguments on remand. The Court expresses no opinion as to whether the ALJ's ultimate conclusion regarding Adams's entitlement to benefits is correct.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the Social Security Administration's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

A separate order follows.

Date: July 27, 2026

_____/s/_____
Chelsea J. Crawford
United States Magistrate Judge

8